UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAM THOMPSON JR., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | No.  2:22-cv-00687 AC <br><br><br> **ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.

I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 13, 2017.  Administrative Record ("AR") 295.[2]  The disability onset date was alleged to be December 15, 2015.  Id.  The application was disapproved

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 7-1 (AR 1 to AR 685).

1

initially and on reconsideration. AR 124-130, 131-137. Administrative Law Judge Jane M. Maccione held an administrative hearing in August 2018 and issued an unfavorable decision in March 2019. AR 55-91 (administrative hearing transcript), 140-57 (ALJ decision). The Appeals Council remanded that decision for further proceedings in April 2020. AR 158-60. The ALJ held a new hearing on October 28, 2020, and issued a new decision on March 12, 2021, again finding that plaintiff was not disabled. AR 92-123 (administrative hearing transcript), 13-34 (ALJ decision)).

On February 23, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list). Plaintiff filed this action on April 19, 2022. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF No. 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 10 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), 15 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1965 and accordingly was, at age 52, a person closely approaching advanced age under the regulations, when he filed his application.[3] AR 295. Plaintiff has an eleventh-grade education and can communicate in English. AR 321, 323. Plaintiff alleged disability due to back and knee problems and osteoarthritis of the ankles. AR 322. Plaintiff has work history as a warehouse stocker from 2012-2015 and as a truck driver from 2008-2011. AR 323.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

---

[3] See 20 C.F.R. § 404.1563(d) ("person closely approaching advanced age").

1  Substantial evidence is "more than a mere scintilla," but "may be less than a
2  preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such
3  evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.
4  Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the
5  record can constitute substantial evidence, only those 'reasonably drawn from the record' will
6  suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).
7  Although this court cannot substitute its discretion for that of the Commissioner, the court
8  nonetheless must review the record as a whole, "weighing both the evidence that supports and the
9  evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,
10 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The
11 court must consider both evidence that supports and evidence that detracts from the ALJ's
12 conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").
13 "The ALJ is responsible for determining credibility, resolving conflicts in medical
14 testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th
15 Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of
16 which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart,
17 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the
18 ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn
19 v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.
20 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on
21 evidence that the ALJ did not discuss").
22 The court will not reverse the Commissioner's decision if it is based on harmless error,
23 which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the
24 ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.
25 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.
26 Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).
27                              IV.  RELEVANT LAW
28 Disability Insurance Benefits and Supplemental Security Income are available for every

3

eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not

disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from his alleged onset date of May 15, 2015 through his date last insured of December 31, 2015 (20 CFR 404.1571 et seq.).
>
> 3. [Step 2] Through the date last insured, the claimant had the following severe impairments: status post open reduction internal fixation of a left fibula fracture and obesity (20 CFR 404.1520(c)).
>
> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except he was able to lift and carry 25 pounds frequently, and 50 pounds occasionally. The claimant was able to stand and/or walk for four hours, cumulatively, through the workday; his sitting was unlimited. He was able to climb ramps and stairs occasionally; he could not climb ladders, ropes, or scaffolds. The claimant had to avoid concentrated exposure to extremes of cold. The claimant required the use of a cane for ambulation over uneven terrain, and for ambulation for more than 50 yards.
>
> 6. [Step 4] Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born on May 15, 1965 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has a limited education (20 CFR 404.1564).
>
> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)

10. [Step 5, continued] Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 15, 2015, the alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(g)).

AR 21-29. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 29.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by failing to properly evaluate the medical opinion of consultative examiner, Dr. Philip M. Cushman, in accordance with the requirements of 20 C.F.R. 404.1520c. ECF No. 10 at 14-20. With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which change the framework for evaluation of medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required

to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  Supportability and consistency are defined in the regulations as follows:

> Supportability.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> Consistency.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 404.1520c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 404.1520c(b)(3).  The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022).  Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence.  Id.  In sum, the ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings."  Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In this case, the opinion of Dr. Cushman is the only medical opinions in the record related to mental health and/or cognitive impairments.  AR 22, 592-597.  Dr. Cushman performed a consultative examination of plaintiff and drafted an opinion dated December 28, 2016, roughly one year after plaintiff's date last insured.  Id.  In relevant part, Dr. Cushman diagnosed plaintiff with dysthymic disorder (early onset), pain disorder associated with psychological factors and a

7

general medical condition (chronic), mathematics disorder, and disorder of written expression. AR 596. Dr. Cushman performed academic testing that demonstrated plaintiff was at a second-grade level for sentence comprehension and spelling, a fourth-grade level for word reading, and a third-grade level for math computation. AR 596. Dr. Cushman noted that plaintiff was consistently reversing letters in his writing, consistent with dyslexia. Id. Memory scale testing revealed average to impaired functioning. Id. Dr. Cushman opined that because of his diagnoses, plaintiff would have difficulties performing detailed or complex tasks in a work setting, but he can perform simple and repetitive work. AR 597. Dr. Cushman noted plaintiff appeared capable of following simple verbal instructions, but not complex instructions. Id.

The ALJ discredited Dr. Cushman and did not assign any cognitive or mental health limitations in the RFC. The ALJ's rational is as follows:

> There is no evidence prior to the date last insured to support a medically determinable mental impairment; in August, October, and December of 2014, which is prior to the period alleged, the claimant denied depression or anxiety. Ex. 6F at 22, 25, 41. As above, reports of symptoms alone cannot sustain a finding of impairment without support from medical signs and laboratory findings. 20 CFR 404.1529(b). In order to establish a medically determinable physical and, or mental impairment, the record must contain signs, symptoms and laboratory findings showing anatomical, physiological, or psychological abnormalities. Id.; SSR 16-3p. In the absence of the requisite evidence, the undersigned finds the claimant does not have a medically determinable mental impairment.

AR 22.

It is indisputable that the ALJ failed to address the element of supportability as to Dr. Cushman's opinion. Instead, the ALJ summarily discredited the opinion on the element of consistency (without using the term "consistency") by pointing to an absence of "requisite evidence" in the record. AR 22. The undersigned agrees with plaintiff that the ALJ failed to support the consistency analysis. Though the ALJ states that "reports of symptoms alone cannot sustain a finding of impairment," Dr. Cushman's opinion does not rely solely on plaintiff's subjective complaints. AR 592-597. Instead, Dr. Cushman's opinion, especially as to the assessed cognitive limitations, is based on testing performed at the consultative examination. Id. Further, insofar as the ALJ is relying on the general absence of other prior mental health or

cognitive related medical records find a conflict with Dr. Cushman's conclusions, the rationale cannot be supported. First, plaintiff has a limited education and did not graduate from high school or obtain a GED, which demonstrates an academic history not inconsistent with Dr. Cushman's findings. Second, there is nothing clearly inconsistent about a lack of cognitive testing and plaintiff's recorded medical history or his work history as a warehouse stocker or truck driver. The fact that plaintiff never sought out cognitive testing while he was able to support himself doing manual labor does not create a clear evidentiary conflict. The undersigned finds the ALJ's supportability and consistency analysis insufficient with respect to Dr. Cushman.

The court also agrees with plaintiff that the mere fact that the opinion was rendered after the date last insured is not a valid reason to discount the opinion, without more (e.g., an intervening event that occurred after the date last insured, etc.). Ninth Circuit law is clear that "reports containing observations made after the period for disability are relevant to assess the claimant's disability." Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988). The fact that Dr. Cushman's examination took place after the date last insured, standing alone, is not a valid reason for a wholesale rejection of the opinion.

## VII.   REMAND

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; the opinion of Dr. Cushman, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly

consider the medical opinion of Dr. Cushman.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VIII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 10), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14), is DENIED;

3. The matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for the plaintiff and close this case.

DATED: September 18, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE